# In the United States Court of Federal Claims
OFFICE OF SPECIAL MASTERS
No. 14-743V
Filed: September 27, 2016

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
| | | |
|---|---|---|
| NANCY RIGGS, | * | Not for Publication |
|  | * | |
| Petitioner, | * | |
| v. | * | Attorney's Fees and Costs; |
|  | * | Contested; Range. |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
|  | * | |
| Respondent | * | |
|  | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Isaiah Kalinowski*, Maglio Christopher and Toale, Washington, DC, for petitioner.
*Althea Davis*, United States Department of Justice, Washington, DC, for respondent.

### DECISION GRANTING ATTORNEY'S FEES AND COSTS[1]

**Roth,** Special Master:

On August 18, 2014, Nancy Riggs ("Ms. Riggs" or "petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq.*[2] [the "Vaccine Act" or "Program"]. Petitioner alleged an influenza ("flu") vaccine she received on December 6, 2012 led her to develop transverse myelitis ("TM"). *See generally* Petition ("Pet."), ECF No. 1; Petitioner's Exhibit ("Pet. Ex.") 10. On December 30, 2015, respondent filed a stipulation awarding petitioner compensation. Stipulation, ECF No. 42. That same day, the undersigned issued a decision approving the settlement. Decision, ECF No. 43. Petitioner now seeks an award of attorney's fees and costs in the amount of $39,280.66, pursuant to Section 15(e) of the Vaccine Act. Motion for Attorney's Fees ("Motion for Fees"), ECF No.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, it will be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002 (codified as amended at 44 U.S.C. § 3501 note (2012)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to delete medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, I agree that the identified material fits within this definition, I will delete such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (1986). Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2006).

48. After careful consideration, the undersigned has determined to **grant the request in part** for the reasons set forth below.

## I. Procedural History.

Petitioner filed her petition on August 18, 2014. ECF No. 1. This case was originally assigned to Special Master Nora Beth Dorsey. ECF No. 5. Petitioner initially filed her medical records via CD on August 20, 2014; she filed additional medical records on November 14, 2014, and December 5, 2014. ECF No. 12, 13. On January 5, 2015, respondent filed a status report stating that she was willing to discuss an informal resolution to this matter. The parties engaged in discussion from January 2015 until December 2015, keeping the Court apprised of their progress through a series of status reports. ECF Nos. 17, 22, 26, 28, 31, 33, 35, 40, and 41.

This case was reassigned to me on October 21, 2015. ECF No. 38. Respondent filed a stipulation indicating that respondent and petitioner had agreed to compensation on December 30, 2015. Stipulation, ECF No. 42. That same day, I issued a decision approving the settlement and awarding compensation to the petitioner. Decision, ECF No. 43.

Petitioner moved for attorneys' fees and costs on June 30, 2016. Motion for Attorney Fees and Costs ("Motion for Fees"), ECF No. 48. Petitioner requested attorneys' fees in the amount of $34,069.80 and costs in the amount of $5,210.86, for a total of $39,280.66. *Id*. Respondent submitted her response on July 18, 2016. Response to Motion for Attorney's Fees ("Response"), ECF No. 49. Respondent noted that petitioner's counsel had previously received hourly rates of $300 and $305 in *Scharfenberger v. Sec'y HHS*, No. 11-221V, 2015 WL 3526559 (Fed. Cl. Spec. Mstr. May 15, 2015) aff'd 124 Fed. Cl. 225 (2015). However, respondent did not argue that petitioner's counsel should be awarded those rates in the instant matter; she merely submitted a range of $18,000 to $24,000 as appropriate fees and costs in this matter. Response at 3. Petitioner filed a reply on July 28, 2016. Reply, ECF No. 50. This matter is now ripe for decision.

## II. Applicable Law.

The Vaccine Act allows Special Masters to award attorney's fees and costs to a petitioner if the claim was brought in good faith and with "reasonable basis." § 15(e). This is a discretionary determination made by the Special Master, requiring no line by line analysis. *Broekelschen v. Sec'y of HHS*, 102 Fed. Cl. 719, 729 (2011). Rather, the fact finder uses a lodestar method – multiplying a "reasonable" fee by the hours the attorney worked. *Blanchard v. Bergeron,* 489 U.S. 87, 94 (1989); *Schueman v. Sec'y of HHS,* No. 04-693V, 2010 WL 3421956, at *3 (Fed. Cl. Spec. Mstr. Aug. 11, 2010). While respondent does have the opportunity to object to said amount, pursuant to the Vaccine Rules, when no justification or specific objection is proffered, her "representation carries very little weight." *Reyes v. Sec'y of HHS*, No. 14-953V, 2016 WL 2979785, at *1 (Fed. Cl. Spec. Mstr. Apr. 27, 2016) (specifically when the attorneys of record supply detailed time sheets and present a *complete* case).

The recent decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorney's fees based on the experience of a practicing attorney. *McCulloch v. Sec'y of*

*HHS*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). According to *McCulloch*, if an attorney has been practicing for 20 or more years, an appropriate range is approximately $350 to $425 per hour. *Id.* If an attorney has 11 to 19 years of experience, $300 to $375 is proper. *Id.* An appropriate rate for an attorney with 8 to 10 years of experience would be $275 to $350. For 4 to 7 year years of experience, $225 to $300 is sufficient. *Id.* If an attorney has fewer than 4 years of experience, he/she should receive from $150 to $225. *Id.*

In determining an appropriately hourly rate, Special Master Gowen concluded that the following factors should be considered: (1) the prevailing rate for comparable legal work in the forum of Washington, D.C.; (2) the prevailing rate for cases in the Vaccine Program; (3) the attorney's experience in the Vaccine Program; (4) the attorney's overall legal experience; (5) the quality of the work performed in vaccine cases; and (6) reputation in the legal community and community at large. *Id*. at *17.

### III.   Discussion.

In her response, respondent provided no specific objection to the amount requested or the hours worked in this matter, but instead, offered a range which she believes is reasonable to pay the attorneys who worked on this case. Response at 3. Rather, respondent "reminded" the Court of its discretion in awarding fees, quoting *Fox v. Vice*, and reiterated the fact that 'the determination of [attorney's] fees "should not result in a second major litigation."' Response at 2-3. Respondent proceeded to claim that a "reasonable" amount for fees and costs in this case would fall between $18,000 and $24,000, without specifically addressing how that range applied to this particular matter.

Petitioner's counsel, Isaiah Kalinowski, has been a licensed attorney for 11 years. Pet. Ex. 18, ECF No. 48. Mr. Kalinowski spent nearly four years clerking for Special Master Abell before beginning his practice as a petitioner's attorney at Maglio, Christopher, & Toale. *Id*. In total, Mr. Kalinowski has over nine years of experience in the Vaccine Program, and has represented petitioners in 129 program cases. *Id*. He practices in Washington, D.C.; therefore, forum rates apply.

In *Scharfenberger*, Mr. Kalinowski was awarded rates of $300 and $305 for work performed in 2013 and 2014, respectively. *Scharfenberger*, 2015 WL 3526559, at *10. However, he has also been awarded an hourly rate of $325 for work performed from 2012 to 2013. *See O'Neill v. Sec'y HHS*, No. 8-243V, 2015 WL 2399211 (Fed. Cl. Spec. Mstr. April 28, 2015) (reducing Mr. Kalinowski's hourly rate from $361 to $325). Additionally, based on Mr. Kalinowski's experience, he currently falls within the *McCulloch* range of 11 to 19 years of practice, which corresponds to an hourly rate between $300 and $375; for 2013 and 2014, Mr. Kalinowski would have been in the 8 to 10 years of practice bracket, which corresponds to an hourly rate between $275 and $350.

Petitioner has requested hourly rates for Mr. Kalinowski of $361 for work performed from 2013 through 2015, and a rate of $349 for work performed in 2016. Based on Mr. Kalinowski's experience and quality of work, I find that reasonable hourly rates for Mr.

3

Kalinowski, based upon *McCulloch*, are $349 as requested by petitioner for 2016, and $325 for work performed from 2013 to 2015.

After reviewing the billing records, the amount of hours billed seems reasonable and I see no erroneous or duplicative billing. *See generally* Pet. Ex. 16, ECF No. 48. I therefore see no reason to reduce petitioner's application for fees and costs other than what is set forth above.

### IV.  Total Award Summary.

In light of the foregoing and pursuant to § 15(e)(1), I find that attorney's fees shall be reduced to $31,365.00 and costs granted in full.  For the reasons contained herein, **a check in the amount of $36,575.86**[3] **made payable jointly to petitioner, Nancy Riggs, and petitioner's counsel of record, Isaiah Kalinowski, for petitioner's attorneys' fees and costs shall be issued.**

The clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

                                         **s/Mindy Michaels Roth**
                                         Mindy Michaels Roth
                                           Special Master

---

[3] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs," as well as fees for legal services rendered. Furthermore, 42 U.S.C. § 300aa-15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of HHS*, 924 F.2d 1029 (Fed. Cir. 1991).

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. *See* Vaccine Rule 11(a).